REYNOLDS ET AL. *v.* THE MOOR BROTHERS REALTY CO.

(Decided January 16, 1928.)

*Mr. Edward H. Ray*, for plaintiffs in error.
*Mr. J. A. Barber*, for defendant in error.

LLOYD, J.   Defendant in error, as plaintiff, commenced an action in the court of common pleas against the plaintiffs in error, as defendants, to recover a judgment of $859.56, with interest from November 1, 1922, alleged to be one-half of the expense of two culverts constructed in Copley road, which road separates two plats of property located in Adams township, one of them being known as Westhaven and the other as Reynolds' Gardens.   Copley road consists of 30 feet of Westhaven and 30 feet of Reynolds' Gardens, dedicated by the respective owners thereof for that purpose.   The culverts were constructed in the spring of 1922.

Legal title to Westhaven was held by the Security

Development Company, a holding company, the equitable title thereto being vested in certain proportions in some six or seven persons. The legal title to Reynolds' Gardens was held by the defendant Ohio Savings Bank & Trust Company, the equitable title thereto being vested in the defendant Reynolds. The plaintiff, the Moor Brothers Realty Company, is a corporation formed in 1907. Moor Brothers, a partnership, consisting of Dudley Watson Moor and William H. Moor, was then and theretofore had been engaged in business as real estate brokers, and continued in such business until January 1, 1925, at which time the partnership was dissolved; its assets and property being then taken over by plaintiff. The record does not disclose who or how many stockholders were or are interested in the plaintiff corporation, but from the record it may be inferred that Dudley Watson Moor and William H. Moor were so interested therein. At the time of the trial in the court of common pleas, Dudley Watson Moor was president and Verna Smith secretary thereof. William H. Moor had been secretary thereof prior to moving to Los Angeles, and thereafter continued to be and now is a stockholder therein.

April 21, 1917, a contract was entered into by the individual owners of Westhaven, the Security Development Company, and William H. Moor and Dudley Watson Moor, doing business as Moor Brothers, wherein it was provided in substance that the development company should keep all books, receive all payments of money, render statements at fixed periods, prepare contracts, deeds and other legal papers, incident to handling the property, and should receive certain compensation for any such services

so rendered, plus any expenses incurred for taxes, abstracts, or recording of papers; that Moor Brothers should be sole agents to arrange for and supervise the platting of the property and to arrange for and make sales thereof, for which services they were to receive a certain per cent. of the gross sum received from such sales; that the owners should, from time to time, when necessary in the process of the development, platting, and improvement of the property, pay to Moor Brothers, on request, their respective proportion of such sums as might "be necessary for the platting, improvement, advertising expense, etc., necessary and proper to put such property on the market," and Moor Brothers were to furnish to any one of them requesting same an itemized statement of any such expense.

In August, 1925, after the dissolution of the partnership, an agreement which by its terms was to be effective as of June 1, 1925, and which was to supersede all previous contracts as to sales agency and commissions, was made by the individual owners of the Westhaven property, the Security Development Company consenting thereto, and the plaintiff, whereby the latter was employed as exclusive sales agent for the Westhaven lots remaining unsold. This contract related only to the selling of the Westhaven lots, and provided that, after the 1st of March in any year in which sales in a certain scheduled amount had not been made in the previous fiscal year, the owners should appoint one or more of their number, not members of the Moor Brothers Realty Company, to confer with the realty company as to plans for sales during the ensuing year.

Plaintiff claims that in April, 1925, an agreement

was made between the defendant Reynolds and the engineer of Moor Brothers, the partnership, whereby Reynolds was to pay one-half of the expense of constructing the above-mentioned two culverts, which plaintiff claimed were to be and were constructed by Moor Brothers, the partnership, as incidental and essential to the platting and improvement of the Westhaven property, and were also beneficial to the property of Reynolds. The evidence was in conflict as to whether or not such agreement was made. At the close of plaintiff's evidence, defendants moved for a directed verdict, which motion being overruled was renewed at the conclusion of all of the evidence and again overruled. The ground of the motion was that plaintiff was not the real party in interest, and that Moor Brothers, the partnership, had been paid by the owners of Westhaven all sums expended by it in the platting and improvement thereof, including the entire cost of the culverts. There is no dispute that all such expenses had not been in fact so paid. The verdict of the jury was in favor of plaintiff, and judgment was entered thereon.

The foregoing are the only errors of which plaintiffs in error complain. Moor Brothers, the partnership, and plaintiff, the Moor Brothers Realty Company, were coexistent until January 1, 1925, when the partnership was dissolved. In the interim between that date and April 21, 1917, the date of the contract hereinbefore recited, the partnership, after having otherwise performed the contract, continued to act as agent of the owners of the Westhaven property in the selling of such of the lots as remained unsold. The agency for this purpose was then vested in the plaintiff corporation by the contract of Au-

gust, 1925, to which reference has been made.

Could Moor Brothers, the partnership, expressly or impliedly, without the consent of their principals, transfer to the plaintiff corporation this alleged cause of action on their alleged contract with Reynolds, especially when, so far at least as the record shows, the personnel of the corporation differed from that of the partnership? This is not the case of Reynolds suing plaintiff upon a contract made by him with the partnership, the property of which, both real and personal, had been conveyed by the individual partners to the corporation, each of them receiving stock therein proportioned to the interest so conveyed, and they being the only stockholders therein, but is a case where an agent has sought to delegate to a corporation the performance of an obligation intrusted to the agent by his principal. If this may be done, then such transfer or assignment might be made to any other person or company without regard to whether or not such person or company was financially responsible, or one with whom the principal would wish to deal. No privity of contract exists between plaintiff and the owners of the Westhaven property, and it is a general rule that an agent cannot delegate to another the powers conferred upon him by his principal, so as to affect the rights of the latter, without his express or implied consent. The contract of April 21, 1917, contemplated that Moor Brothers, as agent, might employ such persons and make such contracts as were necessary to effectuate the purposes of the contract, but did not expressly or impliedly authorize the delegation to another of the responsibility imposed thereby upon the agent.

The instant case is not such a one as permits this court to consider whether or not the record shows that substantial justice has been done as between the parties to the action, because the plaintiff, not being the real party in interest, possessed no right of action. In other words, no right of action existed in plaintiff on the alleged cause of action described in its petition.

For the reasons given, the judgment of the trial court will be reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

RICHARDS, J., concurs.
WILLIAMS, J., dissents.